# EXHIBIT A

E-FILED

03/26/2026 14:36:53

CL-2026-0005291

Christopher J. Falcon
CLERK, CIRCUIT COURT
FAIRFAX, VA

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| PRISCILLA ADDISON, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Case No._____ |
| | ) |
| PANORAMA GLOBAL, | ) |
| | ) |
| | ) |
| **SERVE:**   Clerk, Virginia State Corporation | ) |
|                    Commission | ) |
|                    P.O. Box 1197 | ) |
|                    Richmond, Virginia 23219 | ) |
| | ) |
|                    Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

NOWS COMES the plaintiff, Priscilla Addison ("Plaintiff" or "Ms. Addison"), by and through her undersigned counsel, Broderick C. Dunn, Esq., and the law firm of Dunn Craig & Francuzenko, PLLC, and for Plaintiff's Complaint against the defendant, Panorama Global ("Defendant" or "Panorama"), states as follows:

## INTRODUCTION

1

1.     This is a civil action involving the Defendant's violations of Va. Code § 40.1-27.3, the Virginia Whistleblower Protection Law ("VWPL")[1].

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to Va. Code § 8.01-328.1 because among other reasons, Defendant transacts business in the Commonwealth as evidenced by its employment of individuals, including Plaintiff, in Virginia.

2.     Venue is proper in this Court pursuant to Va. Code § 8.01-262 because, among other reasons, Defendant conducts substantial business activity in Fairfax County, Virginia.

## PARTIES

3.     Plaintiff is an African American female and resident of Fairfax County, Virginia. Since 2019, Plaintiff has also suffered from fibroids, which cause discomfort, severe pain and exhaustion and, as such, qualify as a disability under the Americans with Disabilities Act ("ADA") and the Virginia Human Rights Act, Va. Code § 2.2-3900, *et seq.* ("VHRA").

4.     Panorama is a 501(c)(3) corporation based in Washington with its principal office address located at 2101 4th Avenue, Seattle, Washington 98121. It purports to "maximize social impact by partnering with visionary leaders to co-develop solutions." According to Defendant's most recent publicly available financial statements, Defendant has $67,530,337.00 in total net assets.

## FACTUAL BACKGROUND

5.     Plaintiff is a skilled, communications professional.

---

[1] In addition to this Complaint, Plaintiff currently has a Charge of Discrimination pending with the Equal Employment Opportunity Commission, and is planning to file a similar charge with the Office of the Attorney General.

6. Panorama hired Ms. Addison as a Senior Communications Manager in October of 2022. Plaintiff worked remotely from her home in Virginia.

7. Plaintiff's job performance as Senior Communications Manager met and exceeded Defendant's legitimate business expectations. She received superior performance reviews. Defendant promoted her to Director, External Communications in February of 2024.

8. Ms. Addison excelled in her new role as Director, External Communications until early 2025, when she began to experience problems with her subordinate and direct report, Angelica Serna ("Ms. Serna").

9. Upon information and belief, Ms. Serna is a fair skinned Latina.

10. Ms. Serna told Ms. Addison that she viewed Plaintiff "as a peer," and that she would not follow Plaintiff's directives or formal communication guidelines despite the fact that Ms. Addison was essentially her boss.

11. On March 6, 2025, Plaintiff made a formal complaint about Ms. Serna's treatment of her to Defendant. Specifically, Plaintiff reported to Defendant's Senior People and Culture Partner, Shelbi Goldman ("Ms. Goldman"), that she was experiencing disparate treatment based on her race and gender in violation of state, federal and local, equal employment opportunity laws.

12. Plaintiff further sent Ms. Goldman an email, which stated in part:

I think it's important to acknowledge the broad dynamic at play. Situations of insubordination like this often reflect the challenges Black women in leadership face, where simply asking a direct report to meet basic expectations can be met with the threat of escalation to my manager.

13. Rather than investigating Plaintiff's complaint against Ms. Serna, Defendant retaliated against Plaintiff.

3

14.     Plaintiff's superior, Managing Director, Melanie LeGrande ("Ms. LeGrande"), caricatured Plaintiff as an angry black woman by accusing her of "alter[ing] the team's dynamic" because Ms. Addison had the audacity to complain about Ms. Serna's insubordination and disparate treatment.

15.     Defendant allowed Ms. Serna to report to another employee and never disciplined her or investigated Ms. Addison's claims.

16.     After her complaint against Ms. Serna, Defendant exercised stricter scrutiny of Plaintiff's requests for paid time off to address her fibroids.  For example, in response to one PTO request, Defendant stated:

> This PTO request is approved. However, please note that future PTO requests are still subject to manager approval and will be considered based on workload and overall equity with time off. If requests for the remainder of the year mirror the first seven months, it won't be sustainable for the team."

17.     Defendant did not subject non-black, non-disabled, non-female employees to the same level of scrutiny.

18.     Defendant falsely accused Plaintiff of "not having the bandwidth" to take on high level initiatives. Defendant then systematically diminished her job duties and responsibilities.

19.     From April 25, 2025 through May 22, 2025, Plaintiff took leave pursuant to the Family Medical Leave Act ("FMLA").

20.     On June 24, 2025, as Plaintiff recovered from major surgery for her ADA covered condition, Defendant announced a restructuring signaling its intent to replace Plaintiff's current role.

21.     Defendant moved External Affairs to Social Impact and expressed its desire to hire a Seattle-based Director to manage Plaintiff's team.

4

22.     When Ms. Addison pressed Defendant for details about her future with Panorama, Defendant gave her inconsistent information about her continued role and responsibilities.

23.     On June 26, 2025 during a Microsoft Teams meeting with Plaintiff, Ms. LeGrand, Elaine Gibbons ("Ms. Gibbons"), Jennifer Cho ("Ms. Cho"), and Morgan Wacek ("Ms. Wacek"), Ms. Cho alleged that Plaintiff did not have the "bandwidth" to manage a Panorama project and suggested Defendant hire a consultant instead.

24.     Plaintiff quickly corrected Ms. Cho and stated that, not only did Plaintiff have the bandwidth for such a project, Plaintiff "thoroughly enjoy[s] organizing panels and events…"

25.     On August 11, 2025, Defendant issued Plaintiff a warning-laden performance review that was inconsistent with Plaintiff's previous, exemplary performance evaluations.

26.     On August 15, 2025, Plaintiff engaged in protected activity again when she submitted correspondence to the Equal Employment Opportunity Commission ("EEOC") complaining of disparate treatment, discrimination, and retaliation, in violation of Title VII against Defendant.

27.     Plaintiff's August 15, 2025 correspondence with the EEOC eventually became a Charge of Discrimination, EEOC Charge # 570-2025-04302, which charge remains pending with the EEOC.

28.     On December 3, 2025, Defendant terminated Plaintiff's employment in retaliation for engaging in protected activity.

29.     Following the termination of Plaintiff's employment, Defendant continued to retaliate against her. Despite employing Plaintiff in the Commonwealth of Virginia and despite paying her more than $1,500 per quarter, Defendant never registered to do business in the

5

Commonwealth of Virginia nor did Defendant ever report Plaintiff's wages to the Virginia Employment Commission.

30.     Plaintiff learned that Defendant failed to do the same with other terminated employees in other states but, unlike Plaintiff, Defendant agreed to pay their unemployment wages directly.

31.     Defendant only agreed to do the same on February 25, 2026 after Plaintiff engaged counsel. Upon information and belief, the other employees for whom Defendant paid unemployment benefits were neither black, female, nor did they suffer from ADA covered conditions.

32.     As a result of Defendant's actions, Plaintiff has been damaged.

### COUNT I
### (Violation of the VWPL - Va. Code § 40.1-27.3)

33.     Plaintiff restates and realleges the allegations contained in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

34.     For the past several months, Plaintiff made good faith reports of Defendant's violations of the ADA, Title VII, and the VHRA to a supervisor, including Defendant's Senior People Partner.

35.     Plaintiff subjectively and reasonably believed that, based on Defendant's treatment of her, Defendant, was engaged in unlawful employment practices.

36.     Plaintiff is not required to show that the underlying report of unlawfulness was in fact meritorious to prevail. *See Wood v. Bristol Virginia Utility Authority*, 661 F. Supp.3d 538, 550 (W.D. Va. 2023).

37.     Plaintiff need not use any "magic words" to engage in protected conduct pursuant to the VWPL. *See Hairston v. Nilit America, Inc.*, 2023 WL 5447370 at n.6 (W.D. Va. August 24,

6

2023) ("In the court's view, therefore, [Plaintiff's] complaint of alleged racial discrimination was self evidently a complaint about a violation of federal law").

38. Defendant responded to Plaintiff's good faith reports, which constituted protected activity under the VWPL, by giving her a bad performance review, lessening her job duties and responsibilities, terminating her employment, and then refusing to pay her unemployment compensation.

39. As a result of Defendant's actions, Plaintiff has been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Priscilla Addison, respectfully requests that the Court enter judgment in her favor against the defendant, Panorama Global, and grant the following relief:

A) Judgment against Defendant in violation of § 40.1-27.3 in the amount of $500,000, including lost wages, benefits, and other remuneration, together with interest thereon;

B) Plaintiff's reasonable attorneys' fees and costs as provided in Va. Code § 40.1-27.3 (C); and

C) Such other and further relief as the Court may deem appropriate.

## **Jury Demand**

Plaintiff hereby requests a trial by jury on all issues so triable.

Priscilla Addison

By Counsel: _/s/ Broderick C. Dunn_

Broderick C. Dunn (VSB No. 74847)
Dunn Craig & Francuzenko, PLLC
3251 Blenheim Boulevard
Fairfax, VA 22030
(T) (703) 865-7480
(F) (703) 434-3510
bdunn@dunncraig.com
*Counsel for Plaintiff Priscilla Addison*

7